Dear Dr. Guidry:
I am in receipt of your request for an Attorney General's opinion concerning surveying students about their personal or family beliefs or practices in sex, morality, or religion. You have indicated that the Section of Maternal and Child Health (MCH) at the Office of Public Health, Department of Health and Hospitals is currently in the process of applying for federal funds to be used for comprehensive after-school abstinence education programs that would be awarded to communities through a Request for Proposals process. You have also indicated that the welfare reform legislation, Public Law 104-193, created a new Section 510 of Title V of the Social Security Act establishing a separate source of federal funding for state abstinence education programs and Louisiana is eligible for 1.6 million dollars a year beginning in October of 1997.
You state that as part of the requirement for funding, each state health department must provide performance measures for evaluation purposes which includes data on rates of teen pregnancies, teen births, and sexually transmitted diseases. You would like to administer confidential pre-and post-surveys to adolescent participants of these programs to obtain self reports of abstinence from sexual activity, pregnancies, births, sexually transmitted diseases, and risk-taking behaviors in order to meet federal requirements and document program success.
You are concerned with the provision in Louisiana R.S. 17:281A(2) that states "students shall not be tested, quizzed, or surveyed about their personal or family beliefs or practices in sex, morality, or religion." Your question is twofold:
 1) Does LSA-R.S. 17:281 apply to the after school programs you are proposing? You state that these programs will not necessarily be implemented by schools. Any school, institution, or organization which is non-profit is eligible to submit a proposal for funding through MCH to implement such a program.
 2) If the law does apply, would it be permissible to administer confidential surveys to program participants if parental permission were obtained first?
LSA-R.S. 17:281 states the following in pertinent part pertaining to permitted courses of instruction:
 A. (1)(a) Any public elementary or secondary school in Louisiana may, but is not required to, offer instruction in subject matter designated as "sex education", provided such instruction and subject matter is integrated into an existing course of study such as biology, science, physical hygiene, or physical education. When offered, such instruction shall be available also to nongraded special education students at age-appropriate levels. Except as otherwise required to comply with the provisions of Subparagraph (b) of this Paragraph, whether or not instruction in such matter is offered and at what grade level it is to be offered shall be at the option of each public local or parish school board, provided that no such instruction shall be offered in kindergarten or in grades one through six. Such instruction may be offered at times other than during the regular school day, at such times to be determined by each school board. All instruction in "sex education" shall be identified and designated "sex education".
 (2) It is the intent of the legislature that, for the purposes of this Section, "sex education" shall mean the dissemination of factual biological or pathological information that is related to the human reproduction system and may include the study of sexually transmitted disease, pregnancy, childbirth, puberty, menstruation and menopause, as well as the dissemination of factual information about parental responsibilities under the child support laws of the state. It is the intent of the legislature that "sex education" shall not include religious beliefs, practices in human sexuality, nor the subjective moral and ethical judgments of the instructor or other persons. Students shall not be tested, quizzed, or surveyed about their personal or family beliefs or practices in sex, morality, or religion.
 G. A city or parish school system may accept federal funds for programs offering sex education only when the use of such funds does not violate the provisions of this Section and only upon approval by the local school board. The acceptance and use of federal funds for sex education shall in no way be construed to permit the use of any federally supplied materials that violate Louisiana law regulating sex education. (Emphasis Added).
During the week of July 22, I spoke with Joan Wightkin, Director of the Maternal and Child Health Section and asked the following questions:
 1) Who will organize and implement the after school abstinence programs (i.e. school teachers, community leaders, etc.)
 2) Where will the after-school abstinence education programs be held?
 3) Will school busses be used to transport the students?
4) Who will teach the classes?
Joan indicated that there could be a variety of different individuals involved in the development, preparation and instruction of such classes. Such agencies or individuals could include the local YWCA, boys or girls clubs, the police jury, different non-profit agencies, the local school board, individual teachers, or others. The programs can be held at different places which shall be determined on a parish-by-parish basis including, but not limited to, school sites, community centers, recreational centers, and churches. In answer to the third question, she stated that she is uncertain as to whether school buses would be used to transport these children. In response to the last question, she indicated that the classes would be taught by community identified personnel. Such instructors can include school teachers.
You state that this information and more must be submitted in a Request for Proposal to the Department of Health and Hospitals for their review in order to qualify for such funds. You state that funds are then distributed on a parish-by-parish basis.
A review of a draft of the Request for Proposals (RFP) prepared by the Office of Public Health indicates the importance of the role the schools must play in order for a parish to qualify for some of the federal funds. The RFP states that the programs should provide abstinence education instruction within the environment of an after-school program. (Pg. 9). It also states that in the context of the after-school program, recreation should be broadly defined to include sports, arts, crafts, and practical and extracurricular instruction. (Pg. 9).
Extracurricular instruction is defined in the Louisiana Handbook for School Administrators as:
 Extracurricular activities: those activities which are not directly related to the Program of Studies, which are under the supervision and/or coordination of the school instructional staff, and which are considered valuable for the overall development of the student.
To prevent a violation of LSA-R.S. 17:281 (A)(2), it is necessary to make sure that the after-school abstinence program is not affiliated with the regular school program. That is, the program must be taught at a site other than the schools in that area, school buses cannot be used to transport the students, and teachers cannot be required to teach these programs. These examples are only illustrative.
In Coleman v. Caddo Parish School Board 635 So.2d 1238, the Second Circuit Court of Appeal examined among other things specific questions asked to students in Caddo Parish during the "sex education" class taught during school hours. The court reviewed the third sentence of A(2) and stated the following:
 In our opinion, the fourth sentence of A(2) (sic) may be reconciled with the other parts of the statute by noting that it is not directed at what shall or shall not be taught to students, but what shall not be elicited from students. The prohibition that students shall not be tested, quizzed, or surveyed does not suggest that students may not discuss or be questioned about factually accurate course material, provided they are not asked to disclose their personal or family beliefs or practices in sex, morality or religion.
Since the information needed by the MCH Division would appear to violate LSA-R.S. 17:281 (A)(2) if the after-school programs are affiliated with the regular school program, great care is required to ensure that these programs are independent from any action the school boards might take.
In response to your second question, if the after-school programs are affiliated with the regular school program, it would not be permissible to administer confidential surveys to program participants even if parental permission were first obtained. As quoted above, the law specifically states in Section A(2) which pertains to permitted courses of instruction that "[s]tudents shall not be tested, quizzed, or surveyed about their personal or family beliefs or practices in sex, morality, or religion."
I hope this sufficiently addresses your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL
RPI/BCL/sc